904 F.2d 707
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HATTON, Plaintiff-Appellant,
v.
George WILSON, Secretary, Corrections Cabinet; Dewey
Sowders, Warden, NTC; C. Bailey, Corrections Officer, NTC;
Deft Mink, Corrections Officer, NTC; Rogers, Corrections
Officer, NTC; B.W. Wilborn, Corrections Officer, NTC;
Woods, Corrections Officer, NTC; Robert L. Good,
Corrections Officer, NTC; B. Martin, Corrections Officer,
NTC; John Doe; Adams; John Doe 2; G. Beckstrom; L.
Napier; C. O'Bryan; D. Bottons; John Doe 3; John Doe 4;
John Doe 5; B. Waldridge; B. Griffitts; D. Stawart; N.
Yeast; C. Waldridge, Defendants-Appellees.
 No. 89-6329.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 James Hatton, a pro se Kentucky prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Hatton sued the Secretary of the Kentucky Corrections Cabinet, the Warden of Northpoint Training Center, and numerous corrections officers challenging his four convictions for disciplinary infractions. Hatton alleged that: (1) he did not receive adequate written statements as to the evidence relied upon and the reasons for the disciplinary action taken; (2) the convictions were based upon insufficient evidence; (3) one conviction was based upon unverified information from a confidential informant; (4) he was not allowed to call a witness during one disciplinary proceeding; and (5) the defendants conspired to set him up.
 
 
 3
 After a prior remand from this court, Hatton v. Wilson, No. 88-5014 (6th Cir. July 21, 1988), the magistrate recommended that the defendants be granted summary judgment, finding that although the complaint could be construed as a habeas petition, the complaint should nevertheless be dismissed because the disciplinary proceedings at issue satisfied constitutional mandates. After reviewing Hatton's objections, the district court dismissed the complaint, finding that the action was more appropriate for a habeas petition because Hatton was seeking a speedier release from confinement due to the fact that he sought restoration of his good time credits.
 
 
 4
 On appeal Hatton reasserts his claims and has filed an informal brief. Defendants have notified the court that they will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's judgment. To the extent plaintiff sought a speedier release, the suit was properly dismissed as it should have been filed as a habeas corpus action. See Wolff v. McDonnell, 418 U.S. 539, 554-55 (1974). To the extent plaintiff sought declaratory and monetary relief, the suit was subject to dismissal on the merits. We have reviewed the documentary evidence submitted in this case and conclude that the procedures utilized in the four disciplinary proceedings were sufficient to satisfy constitutional mandates. See Wolff, 418 U.S. at 563-67.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.